FILED
2020 May-15 PM 03:08
U.S. DISTRICT COURT
N.D. OF ALABAMA

Pro Se 14 (Rev. 09/16) Complaint for Violation of Civil Rights (Prisoner)

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA

Vandale Gordon
_____
*Plaintiff*
*(Write your full name. No more than one plaintiff may be named in a complaint.)*

-v-

Bruce L. Baxter
_____
*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the names of all of the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here. Your complaint may be brought in this court only if one or more of the named defendants is located within this district.)*

Case No. S:20-CV-0688-LSC-GMB
*(to be filled in by the Clerk's Office)*

# COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Prisoner Complaint)

---

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee of $400.00 or an Application to Proceed *In Forma Pauperis.*

Mail the original complaint and the filing fee of $400.00 or an Application to Proceed *In Forma Pauperis* to the Clerk of the United States District Court for the Northern District of Alabama, Room 140, Hugo L. Black U.S. Courthouse, 1729 5th Avenue North, Birmingham, Alabama 35203-2195.

---

1

## I.   The Parties to this Complaint

### A.   The Plaintiff

Provide the information below for the plaintiff named in the complaint.

Name                          *Vandale Gordon*

All other names by which
you have been known:          _____

ID Number                     *Ais # 193127*

Current Institution           *Limestone Correctional Facility*

Address                       *28779 Nick Davis Road*

*Harvest*                 *Alabama*      *35749*
City                       State         Zip Code

### B.   The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

Name                          *Bruce L. Baxter*

Job or Title *(if known)*     *Limestone Correctional Officer*

Shield Number                 _____

Employer                      *Alabama Department of Correction*

Address                       *Limestone Correction Facility, 28779 Nick Davis Road*

*Harvest*                 *AL*           *35749*
City                       State         Zip Code

☑ Individual Capacity     ☐ Official Capacity

Defendant No. 2

Name                          _____

Job or Title *(if known)*     _____

Shield Number                 _____

Employer                      _____

Address                       _____

_____
City                       State         Zip Code

☐ Individual Capacity     ☐ Official Capacity

2

Defendant No. 3

    Name

    Job or Title *(if known)*

    Shield Number

    Employer

    Address

| *City* | *State* | *Zip Code* |
|---|---|---|

☐ Individual Capacity    ☐ Official Capacity

Defendant No. 4

    Name

    Job or Title *(if known)*

    Shield Number

    Employer

    Address

| *City* | *State* | *Zip Code* |
|---|---|---|

☐ Individual Capacity    ☐ Official Capacity

## II.    Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal law]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971), you may sue federal officials for the violation of certain constitutional rights.

A.    Are you bringing suit against *(check all that apply)*:

    ☐ Federal officials (a *Bivens* claim)

    ☑ State or local officials (a § 1983 claim)

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities, secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

*Please see pages 1 oF 4*

3

C. Plaintiffs suing under *Bivens* may only recover for violation of certain constitutional rights. If you are suing under *Bivens,* what constitutional right(s) do you claim is/are being violated by federal officials?

*N/A*

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens,* explain how each defendant acted under color of federal law. Attach additional pages if needed.

*Please see pages 1 of 4*

## III. Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply):*

☐ Pretrial Detainee

☐ Civilly committed detainee

☐ Immigration detainee

☑ Convicted and sentenced state prisoner

☐ Convicted and sentenced federal prisoner

☐ Other
    *(explain)*

## IV. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. If the events giving rise to your claim arose outside an institution, describe where and when they arose.

B. If the events giving rise to your claim arose in an institution, describe where and when they arose.

*Please see pages 1 of 4*

4

C. What date and approximate time did the events giving rise to your claim(s) occur?

_Please see pages 1 of 4_

D. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

_Please see pages 1 of 4_

## V. Injuries

If you sustained injuries related to the events alleged above, describe your injuries in detail.

_Please see pages 1 of 4_

## VI. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

_From claim 1, I will like for the court to award me $50,000 in nominal damages, $60,000 in compensatory damages, and $70,000 in punitive damages. Jury Trial._

**VII.    Exhaustion of Administrative Remedies Administrative Procedures**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A.    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☑ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_Limestone Correctional Facility_

B.    Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☐ Yes

☑ No

☐ Do not know

C.    Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☐ Yes

☑ No

☐ Do not know

If yes, which claim(s)?

_____

_____

6

D.  Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☐  Yes

☑  No                *N/A*

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐  Yes

☑  No                *N/A*

E.  If you did file a grievance:

1.  Where did you file the grievance?

    *N/A*

2.  What did you claim in your grievance?

    *N/A*

3.  What was the result, if any?

    *N/A*

4.  What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

    *No grievance precedure. The Plaintiff did complain to Warden Robertson. No futher action was taken.*

F.    If you did not file a grievance:

1.    If there are any reasons why you did not file a grievance, state them here:

_No grievance precedure in Alabama prison ALDOC_

2.    If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

_Plaintiff inform Warden Robertson. Warden Robertson did not grant relief._

G.    Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

_No additional administrative remedies available_

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII.    Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had any cases dismissed based on grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted?

☐    Yes

☑    No

If yes, state which court dismissed your case(s), when this occurred, and attach a copy of the order(s) if possible.

_N/A_

8

A.  Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐  Yes

☑  No

B.  If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.  Parties to the previous lawsuit

Plaintiff(s) _____N/A_____

Defendant(s) _____N/A_____

2.  Court *(if federal court, name the district; if state court, name the county and State)*

_____N/A_____

3.  Docket or index number

_____N/A_____

4.  Name of Judge assigned to your case

_____N/A_____

5.  Approximate date of filing lawsuit

_____N/A_____

6.  Is the case still pending?

☐  Yes

☐  No

If no, give the approximate date of disposition. _____N/A_____

7.  What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?*

_____N/A_____

9

**IX.**     **Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

**I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.**

Printed Name of Plaintiff     Vandale Gordon

Prison Identification #     172454

Prison Address     28779 Nick Davis Road

Harvest                    AL          35749

_City_                    _State_          _Zip Code_

I declare under penalty of perjury that the foregoing is true and correct.

Executed on     3/9/20

_(Date)_

_____

Signature of Plaintiff

10

# CLAIM I

## STATEMENT OF THE FACTS

The basis of the foregoing complaint/cause of action is that, "Acting Under Color of Law," and under the guise of his position of authority as a corrections officer, the Defendant, Alabama Department of Corrections officer Bruce L. Baxter, use "Excessive Force" against the Plaintiff Vandale Gordon, in a violation of the Eighth Amendment of the United States Constitution and the Alabama Administrative Regulation Number 403."

On January 3, 2020 at approximately about 3:00 p.m. at Dormitory-C" the Plaintiff Mr. Gordon was locked inside his assigned cell-C-76 in Administrative Segregation at Limestone Correctional Facility. Plaintiff Mr. Gordon was looking out the cell door window and observed officer Michael L. Corberly and officer Stacy passing out food trays to individual inmates who was also locked up in there assigned cell in Administrative Segregation

Officer Michael L. Coberly and officer Stacy approach Plaintiff Mr. Gordon cell door. Officer Michael L Coberly told officer Stacy that he need one more tray for inmate Vandale Gordon in cell-C-76 because we don't have any more trays. While Plaintiff Mr. Gordon had been waiting about 12 minutes for a food tray to arrive. Officer Bruce L Baxter was passing by cell-C-76, and Plaintiff Mr. Gordon ask officer Bruce L Baxter, would you go check on my food tray because i haven't receive a food tray yet?

Officer Bruce L Baxter reply to Plaintiff Mr. Gordon", was that you have received a tray. The Plaintiff became up-set and told officer Bruce L Baxter that he wasn't lying and that he demand to be feed a food tray just like every other inmate that received a food tray. Officer Bruce L Baxter told Plaintiff Vandale Gordon, you can't demand shit around here, you are not in charge. At that time officer Michael L Corberly had just walked up in front of cell-c-76, and officer Bruce L Baxter ask officer Coberly did inmate Vandale Gordon receive a food tray? Officer Michael L Coberly reply was inmate Vandale Gordon haven't received a tray yet and walked off attending to other inmates in the cell

Afterwards Plaintiff Vandale Gordon told officer Bruce L Baxter that the owe him apology for accusing him for receiving a food tray. Officer Bruce L Baxter reply was i don't apologize to no inmate for shit, and as a matter of fact "Fuck you". Officer Bruce L Baxter pulled out his chemical weapon spray and discharge the toxic through cell-c-76 door tray flap, causing the Plaintiff to feel burning pain in the eyes and go blind, shortness of the breathe and suffocate, and burnings sensation on the arms and facial area

Approximately about 30 seconds after officer Bruce L Baxter finish attacking Plaintiff Mr. Gordon, with the chemical weapon spray, officer Baxter close and lock the door tray flap and walked off. Officer Baxter "Excessive force" action was witness by witnesses; Dominique Raphael Mckellon, and Tivon Rollie Thomas, and Germaine Smart, Ais # 193127.

Page 1 of 2

Officer Bruce L Baxter return a few minutes later in front of Plaintiff Vandale Gordon assigned cell, along with Supervisor Sergeant Schooley. Officer Baxter told Sergeant Schooley that inmate Mr. Gordon threw a food tray on him. Mr. Gordon inform Sergeant Schooley that he never received a food tray to throw on Officer Baxter.

Sergeant Schooley told Plaintiff Mr. Gordon to cuff-up and after being hand-cuff, the Plaintiff Mr. Gordon was escorted out of the cell. Officer Coberly was also present and Sergeant Schooley ask Officer Coberly where was the tray Mr. Gordon threw cause there is no food on the floor. Officer Coberly reply to Sergeant Schooley was that Mr. Gordon had never received a food tray.

Mr. Vandale Gordon was escorted to Limestone infirmary for a body chart examination for injury. Later Mr. Gordon was ask by Sergeant Schooley will he like to write a statement. The Plaintiff Mr. Gordon finish writing his statement of the incident.

# CLAIM II

## STATEMENT OF THE FACTS

The basis of the foregoing complaint/cause of action is that," Acting Under Color of Law," and under the guise of his position of authority as a corrections officer, the Defendant, Alabama Department of Corrections officer Bruce L. Baxter, use," False charges"; against the Plaintiff Vandale Gordon to cover up the, use of," Excessive Force"; by falsely accusing, and charging Mr. Gordon in a prison disciplinary report with Violating Rule # 902 - (Assault on a Person(s) associated with ADOC), which resulted in a loss of privileges and confinement in disciplinary segregation. See ; **PLAINTIFF EXHIBIT # 1**

On January 5th, 2020, the Plaintiff Vandale Gordon, received and was served, "False charges" by serving officer Larry J Johnson. The "False charges", was by arresting officer Bruce L Baxter. Mr. Gordon was charged from the; Alabama Department of Corrections Administrative Regulation # 403. Officer Baxter accuse and charge Plaintiff Mr. Gordon, for throwing an unknown liquid substance on him. Officer Baxter originally told Sergeant Schooley that inmate Vandale Gordon threw a tray on him. Two inmates witnesses, and one officer witness provided different evidence against officer Bruce L. Baxter.

On January 7, 2020 the Plaintiff was found guilty and was sanction for, the loss of canteen privileges for 45 days, loss of Telephone privileges for 45 days, loss of visiting privileges for 45 days, Disciplinary Segregation for 45 days, and Recommend Custody Review.

**WHEREFORE**, pleading and premises being duly considered, the Plaintiff respectfully moves this Honorable court for a, liberal construction, of the above pro se pleadings so as to do substantial justice in this case.    Page 1 of 4

Inmate Copy

00172454S    S                        Alabama Department of Corrections                        DISC004

                                          **DISCIPLINARY REPORT**
                                          403A Warden Decision

**Incident Report Number:**    LCF-20-00011                                          C 76- /A

1. **Inmate:**    GORDON, VANDALE                **Custody:**    CLOSE          **AIS:** 00172454S

2. **Institution:**    LIMESTONE CORRECTIONAL CENTER                                **Disc #:** LCF-20-00011-1

3. **The above inmate is being charged by:**                  BAXTER, BRUCE L

   **with a violation of the following Rule(s):**

   902 - Assault on a Person(s) associated with ADOC

   **From Administrative Regulation #403, which occured on or about:**

   Jan 3 2020 3:00PM at Dormitory C

   **A hearing on this charge will be held after 24 hours from being served.**

4. **Circumstances of the violation(s) are as follows:**

   You inmate Vandale Gordon B/172454 threw an unknown liquid substance on Officer Baxter. This places you in direct violation of
   Administrative Regulation #403, Rule Violation #902 - Assault on a Person(s) Associated with ADOC.

   01/03/2020                                    BAXTER, BRUCE L / Officer
   ————————————                                  ——————————————————————
   Date                                          Arresting Officer Name / Title

5. **I hereby certify that on this 5th day of January, 2020, at (time) 05:15:00, I have personally served a copy of the foregoing upon the
   above named inmate and I have informed the inmate of his/her right to present oral or written statement at the hearing and to present
   written questions for the witnesses.**

   JOHNSON, LARRY J                              See Signed 403A (1-4)
   ————————————————                              ——————————————————————
   Serving Officer Name / Title                  Inmate's Signature / AIS Number

6. **Witnesses desired?**       **NO:** _____    **YES:** See Signed 403A (1-4)
                                       Inmate's Signature                    Inmate's Signature

7. **If yes, list:**    COBERLY, MICHAEL L
                        MCKELLON, DOMINIQUE RAPHAEL / 00273074
                        THOMAS, TIVON ROLLIE / 00264846X

8. **Hearing Date:**    January 7, 2020      **Time:**   21:05:00      **Place:**   Shift Commander's Office

9. **Inmate must be present in Hearing Room. If he / she is not present, explain in detail on additional page and attach.**

10. **The Arresting Official, Inmate, and all Witnesses were sworn to tell the truth.**

                                         PELZER, JEREMY S
                                         ————————————————
                                         Hearing Officer Name / Title

11. **A finding is made that the inmate is capable of representing himself / herself.**

                                         PELZER, JEREMY S
                                         ————————————————
                                         Hearing Officer Name / Title

12. **Plea:**              GORDON, VANDALE / 00172454S                    **Not Guilty**
           ——————————————————————————————————————————

13. **Arresting Official's testimony (at the hearing):**

At approximately 3:00 PM, 1-3-2020, I, Officer Bruce Baxter, was responding to Inmate Gordon Vandale B/172454 kicking on his cell door.
When I approached Inmate G. Vandale he stated he didn't get his fucking food tray. I, CO B. Baxter told him I would check on it. Inmate G.
Vandale then started calling me a fuck boy, cracker, a piece of shit, etc. I, CO B. Baxter, went to shut the tray flap on the cell door and inmate
G. Vandale threw a liquid substance out the tray flap and then through the air grate above the door hitting me and my right side of my body. I,
CO B. Baxter then pulled my spray and gave a one second burst of Sebre red into the cell and notified Sergeant Schooley via radio.

14. **Inmate's testimony:**

Exhibit # 1

Alabama Department of Corrections

**DISCIPLINARY REPORT CONTINUATION LCF-20-00011-1**

403A Warden Decision

"On 1-3-20, I, Inmate Vandale Gordon #172459 was spraid with cell buster for no reason at all. At 2:30 pm, Officer Coberry and Officer Stacy was feeding chow in C Dorm but when they got to my cell wich is C-76 they had ran out of tray's, so Officer Coberly told Officer Stacy that he need one more tray for me inmate Vandale Godon #172454 in C-76. So Officer Baxter came to my cell wich is C-76, and I told Officer Baxter that I Inmate Vandale Gordon #172454 haven't received a tray. So Officer Baxter said I have, so Officer Baxter ask Officer Coberly have I inmate Vandale Gordon #172454 recived a tray. And Officer Coberly told Officer Baxter that I Inmate Vandale Gordon#172454 haven't recived a tray yet, and I Inmate Vandale Gordon #172454 was not kicking or beating on the door to get spraid for no reason at all. After Sgt Schooley came to look into what was going on, so Officer Baxter told Sgt. Schooley that I inmate Vandale Gordon #172454 threw a tray on him. Wich I Inmate Vandale Gordon #172454 had never recived a tray to threw on Officer Baxter, so after Sgt Schooley got me Inmate Vandale Gordon #172454 , out of my cell, Sgt Schooley ask Officer Coberly were was the tray I Inmate Vandale Gordon #172454 because there was no food on the floor, so Officer Coberly told Sgt Schooley again that I Inmate Vandale Gordon#172454 had never recived a tray. So how could I Inmate Vandale Gordon #172454 threw something that I never had or recived. So Sgt Schooley ask me Inmate Candale Gordon # 172454 to make a statement and he would come back to get it so I did what I was told to do after I Inmate Vandale Gordon #172454 got don with writtin my statemate I Inmate Vandale Gordon #172454 call Officer Coberly and told to call Sgt Schooley that I was done. So Officer came back and Sgt Schooley couldn't make back to give it to him and he would take it to Sgt Schooley. So After reciving the write up it went from threwing a tray on Officer Baxter to threw and unknow liquid on Officer Baxter. So don't for get that he told Sgt Schooley that I inmate Vandale Gordon #172454 thew a tray he is trying to cover up his wrong."

Question for Officer Baxter:

Officer Baxter when Sgt Schooley came to look into what had happen didn't you tell Sgt Schooley that I Inmate Vandale Gordon #172454 threw a tray on you officer Baxter? answer: I told Sergeant Schooley it was a liquid substance.

| | |
|---|---|
| **14a Witness:** | COBERLY, MICHAEL L |
| **Testimony:** | Officer Baxter told Sergeant Schooley that inmate Gordon threw a tray on him, Inmate Gordon never received a tray.<br>Questions:<br>Officer Coberly when ask by Officer Baxter did you give me Inmate Vandale Gordon #172454 a tray? Answer: No<br>Officer Coberly once Sgt Schooley came to look into it didn't Officer Baxter tell Sgt Schooley that I Inmate Vandale Gordon #172454 threw a tray on him? Answer: Yes<br>Officer Coberly when Sgt Schooley ask you were the tray that I Inmate Vandale Gordon #172454 threw, didn't you tell Sgt. Schooley that you Officer Coberly had never gave me Inmate Vandale Gordon #172454 a tray? Answer: Yes |
| **14a Witness:** | MCKELLON, DOMINIQUE RAPHAEL / 00273074 |
| **Testimony:** | Inmate Gordon just asked Officer Baxter about a tray. They had words and Ofc Baxter maced inmate Gordon.<br>Questions:<br>Did you see me Inmate Vandale Gordon #172454 threw a tray or a unknow liquid on Officer Baxter? Answer: No |
| **14a Witness:** | THOMAS, TIVON ROLLIE / 00264846X |
| **Testimony:** | Inmate Gordon didn't receive a tray during chow and Officer Baxter maced him for no reason.<br>Question:<br>Did you see me Inmate Vandale Gordon #172454 threw a tray or a unknown liquid on Officer Baxter? Answer: No |

**15. The inmate was allowed to submit question(s) to all witnesses. Copy of questions and answers are attached.**

PELZER, JEREMY S
Hearing Officer Name / Title

**16. The following witnesses were not called:**

**17. After hearing all of the testimony, the Hearing Officer makes the following findings of fact (Be Specific):**

**The hearing Officer finds that:**

The Hearing Officer finds that on January 3, 2020, Inmate Gordon threw an unknown liquid substance on Officer Baxter.

**18. Basis for finding of fact:**

The finding is based on the Arresting Officer's testimony.

**19. Hearing Officer's decision:**    | X | **Guilty**    | | **Not Guilty**    | | **Recommend for reinitiation**

**20. Hearing Officer's recommendation of sanction(s) to be taken against this inmate:**

☐ Counseling / Warning

☐ Extra Duty for _____ days at _____ hours per day under supervision _____ Shift

☐ Loss of Outside privileges for _____ days    **Community Based Institutions Only:**

Exhibit #1

Alabama Department of Corrections

## DISCIPLINARY REPORT CONTINUATION LCF-20-00011-1
### 403A Warden Decision

[X] Loss of Canteen privileges for 45 days, as of 01/29/2020

[X] Loss of Telephone privileges for 45 days, as of 01/29/2020

[X] Loss of Visiting privileges for 45 days, as of 01/29/2020

[ ] Removal from Hobby Craft

[ ] Loss of Good Time _____ Yrs _____ Mos _____ Dys

[X] Disciplinary Seg for 45 days

[X] Recommend Custody Review

[ ] Recommend Job Change

[ ] Financial Compensation _____

[ ] Draw cut to __ (min $25) for __ days

[ ] Restriction / State Whites for _____ days

[ ] Loss of Passes for _____ days

[ ] Return to Inmate Staff for _____ days

PELZER, JEREMY S
Hearing Officer Name / Title

**21. Warden's Action - Date:**    01/13/2020

**Approved**    James Smith

**Disapproved**

**Other (specify)**

**22. I hereby certify that a completed copy of the foregoing Disciplinary Report was served on the above named Inmate on this the** 13 **day of** January **, 20** 70 **at (time)** 5:07 **( am / pm )**

**23.**  J. White /CO
Serving Officer Name / Title

refused to sign JPW
Inmate's Signature / AIS Number

Distribution:    Original to Central Records Division
    Copy to:    I & I (If Federal or State law violated)
        Inmate Institutional File
        Board of Pardons and Parole
        Sentencing Judge (if applicable)

Exhibit #1  Page 3 of 3